# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JERRY PEREZ                                                                                              PLAINTIFF
ADC #136916

V.                                        NO: 5:09CV00114 WRW/HDY

LARRY NORRIS *et al.*                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

Case 5:09-cv-00114-BRW   Document 20   Filed 07/02/09   Page 2 of 5


        proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Delta Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on April 17, 2009, alleging that he has been subjected to racial discrimination at the ADC. On May 26, 2009, Defendants Larry Norris, Grant Harris, John Whaley, Curtis Gibson, Rodney D. Jones, and Brian Perkins, filed a motion to dismiss, along with a brief in support (docket entries #6 & #7), asserting that Plaintiff's complaint consisted of conclusory allegations and was frivolous. Plaintiff filed a response on June 2, 2009 (docket entry #17).

### I.  Standard of review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-5 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 1974.  Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.  However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff's complaint, on June 24, 2008, he requested a shower from Perkins, and was told to ask later.  After the entire barracks had showered, a last call for shower was made, and Plaintiff and one other inmate were at the commissary.  When they returned, they were sent to "chow," and told they could shower when they returned.  Although the other inmate went to the shower, Perkins did not allow Plaintiff to go, saying the showers were full.  When the other inmate returned, and other inmates were coming and going to the shower, Plaintiff again asked to shower, and Perkins denied the request, saying shower call was over, and Plaintiff would have to ask another guard after the shift change.  At that point, Plaintiff accused Perkins of discrimination, and Perkins began to curse Plaintiff.  Perkins ordered Plaintiff out of the barracks, but Plaintiff refused, saying he did not have keys.  Perkins then opened the door, grabbed Plaintiff by the throat and shirt, and threw him into the hallway.  Perkins threatened Plaintiff, and Plaintiff was taken to isolation, but released shortly thereafter.

Because Plaintiff's complaint fails to state a claim upon which relief should be granted, it should be dismissed. Threats and name calling such as that described in the complaint are not actionable. *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (threats); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (name calling). Likewise, the denial of one shower fails to state a constitutional violation. Such a claim is essentially challenging the conditions of his confinement. To prevail on a condition-of-confinement claim, inmates must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam). Denial of a shower during one shift does not deprive Plaintiff of the minimal civilized measure of life's necessities, or constitute a substantial risk of harm. *See Abernathy v. Perry*, 869 F.2d 1146, 1149 (8th Cir. 1989)(inmate was allowed two showers per week while on investigative status for 35 days); *Cosby v. Purkett*, 782 F.Supp. 1324, 1329 (E.D. Mo. 1992)(inmates allowed one shower every 72 hours in administrative segregation); *Heitman v. Gabriel*, 524 F.Supp 622, 628 (W.D. Mo. 1981)(twice weekly shower system not in itself a denial of specific rights). Although Plaintiff argues that the shower was denied for racially discriminatory reasons, he has failed to articulate any facts regarding the racial makeup of those inmates who were allowed to shower, or to show that any difference in treatment was motivated by his membership in a protected class or that it burdened a fundamental right. Instead, Plaintiff offers only conclusory allegations of discrimination. *See Weiler v. Purkett*, 137 F.3d 1047, 1051-52 (8th Cir.1998) (en banc) (elements of equal protection claim). Finally, Plaintiff has described no physical injury resulting from Perkins's removing him from the barracks.

Without a physical injury, mental or emotional injuries are not actionable. *See* 42 U.S.C. § 1997e(e).[1]

Accordingly, because Plaintiff has failed to raise his right to relief above a speculative level, and to state a claim that is plausible and not merely conceivable, Defendants' motion to dismiss should be granted, and Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion to dismiss filed by Defendants Grant Harris, John Whaley, Curtis Gibson, Rodney D. Jones, and Brian Perkins (docket entry #6) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __2__ day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id*.